**FILED**

**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| TOM KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | **PH**    **08 C 665** |
| | ) | |
| v. | ) | No. |
| | ) | |
| ARAMARK UNIFORM & CAREER APPAREL, | ) | |
| LLC,   a Delaware limited liability corporation, | ) | **JUDGE MANNING** |
| | ) | **MAGISTRATE JUDGE DENLOW** |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, ARAMARK Uniform & Career Apparel LLC ("ARAMARK"), by its attorneys, Pretzel & Stouffer, Chtd, hereby gives notice pursuant to 28 U.S.C.§ 1441 of its intention to remove this civil action from the Circuit Court of Cook County, Illinois, County Department, Law Division, to this Court. ARAMARK states as follows in support of its Notice:

1.     On September 24, 2007, plaintiff filed a civil action in the Circuit Court of Cook County, Illinois, County Department, Law Division, Case No. 2007-L-010012, entitled "*Tom Knox v. Hospital Laundry Services, (HLS),The Chicagoland Healthcare Service Company, ARAMARK SERVICES, INC., a Delaware corporation, ARAMARK CLEANROOM SERVICES, a limited liability corporation, and ARAMARK FACILITY SERVICES, LLC, a limited liability corporation*". Plaintiff subsequently dismissed all defendants named in his original complaint and filed an Amended Complaint at Law on January 2, 2008 in which plaintiff named ARAMARK Uniform & Career Apparel, LLC, a Delaware limited liability corporation, as the only defendant. Copies of the original Complaint and Summons to ARAMARK Cleanroom Services, LLC are attached hereto as Exhibit 1. The Amended Complaint is attached hereto as Exhibit 2.  The Circuit Court docket is attached hereto as Exhibit 3.

-1-

2.      ARAMARK removes this matter pursuant to 28 U.S.C. § 1441 and § 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis that there is complete diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000.

## CITIZENSHIP OF THE PARTIES

3.      ARAMARK Uniform & Career Apparel LLC is a Delaware limited liability corporation with its principal place of business in Burbank, California.

4.      Upon information and belief, Plaintiff is a citizen and resident of Cook County Illinois.

5.      Complete diversity of citizenship exists between the parties, pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

6.      Plaintiff's Amended Complaint does not seek a specified amount in damages, but instead seeks damages, "in excess of $50,000". (Ex. 1, p. 4 paragraph 2). Plaintiff was requested by ARAMARK's counsel to enter into a stipulation that Plaintiff's damages do not exceed $75,000 exclusive of interests and costs. At the time of this filing, Plaintiff has not agreed to the proposed stipulation.

## PROCEDURAL REQUIREMENTS

7.      The Notice of Removal is timely because it was filed within one year of the filing of the underlying state court action (September 24, 2007), and it was filed within thirty days of the filing of the Amended Complaint naming the proper ARAMARK corporate entity, and dismissing co-defendants Hospital Laundry Services and The ChicagoLand Healthcare Service Company, which is the first time that ARAMARK ascertained that the case became removable pursuant to 28 U.S.C. §1446(b).

8.      A true and correct copy of this Notice will be filed with the Circuit Court of Cook County, Illinois, County Department, Law Division promptly after filing of this Notice, as is required by law.

WHEREFORE, ARAMARK Uniform & Career Apparel LLC,  prays that this action be removed

from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States

District Court for the Northern District of Illinois, Eastern Division, and proceed forthwith.


Dated: January 23, 2008

                                        Respectfully submitted,
                                        ARAMARK Uniform &  Career Apparel LLC


                               By:     **s/Kim H. Heffernan** _____
                                        Kim H. Heffernan, one of the attorneys for the
                                        Defendant.


Edward H. Nielsen (No.0252296)
Enielsen@pretzel-stouffer.com
Kim Mathers Heffernan (No.6209445)
Kheffernan@pretzel-stouffer.com
Pretzel & Stouffer, Chtd.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tele: (312) 346-1973
Fax: (312) 346-8242

# Certificate of Service

Edward H. Nielsen (No.0252296)
Enielsen@pretzel-stouffer.com
Kim Mathers Heffernan (No.6209445)
Kheffernan@pretzel-stouffer.com
Pretzel & Stouffer, Chtd.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tele: (312) 346-1973
Fax: (312) 346-8242

# <u>Certificate of Service</u>

The undersigned hereby certifies that the Defendant's Notice of Removal, Civil Cover Sheet, Attestation, Appearances on behalf of the Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, and an Answer to Plaintiff's Amended Complaint at Law, were filed this 30th day of January, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and/or mail (as indicated below). Parties may access this filing through the Court's electronic system.

Mario Palermo
mpalermo@woodrufflawyers.com
Casey Woodruff & Associates
75 Executive Drive, Suite 105
Aurora, IL 60504
Telephone:      (630) 585-2320
Facsimile:      (630) 585-2327

                   S/Kim M. Heffernan
                   Edward H. Nielsen/Bar No.: 0252296
                   enielsen@pretzel-stouffer.com
                   Kim M. Heffernan/Bar No.:  6209445
                   kheffernan@pretzel-stouffer.com
                   PRETZEL & STOUFFER, CHARTERED
                   *Attorneys for Defendant*
                   One South Wacker Drive, Suite 2500
                   Chicago, Illinois  60606-4673
                   Telephone:      (312)346-1973
                   Facsimile:      (312) 346-8242

# Exhibit 1

# Plaintiff's Complaint at Law with Summons

Edward H. Nielsen (No.0252296)
Enielsen@pretzel-stouffer.com
Kim Mathers Heffernan (No.6209445)
Kheffernan@pretzel-stouffer.com
Pretzel & Stouffer, Chtd.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tele: (312) 346-1973
Fax: (312) 346-8242

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TOM KNOX,                                         )
                                                  )
          Plaintiff,                              )
                                                  )
     vs.                                          )          No.
                                                  )
HOSPITAL LAUNDRY SERVICES,                        )
(HLS), The Chicagoland Healthcare                 )
Service Company, ARAMARK                          )
SERVICES, INC., a Delaware corporation,           )
ARAMARK CLEANROOM SERVICES,                       )
a limited liability corporation, and              )
ARAMARK FACILITY SERVICES,                        )
LLC, a limited liability corporation,             )
                                                  )
          Defendants.                             )

## COMPLAINT AT LAW

## COUNT I

Now comes the Plaintiff, TOM KNOX, by and through his attorneys, CASEY

WOODRUFF & ASSOCIATES, and complaining of Defendant, HOSPITAL

LAUNDRY SERVICES, (HLS), The Chicagoland Healthcare Service Company, states

as follows:

    1.    That on September 23, 2005, the Plaintiff, TOM KNOX, was employed by

Advocate Christ Hospital.

    2.    That on September 23, 2005, the Plaintiff, TOM KNOX, was working at

4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois near

the main entrance of the North Building on the first floor.

1

3.      That the Plaintiff, TOM KNOX, was working in the public safety office which is located in the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

4.      That there are revolving doors that allow ingress and egress into the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

5.      That there is a rectangular rug that extends directly from the means of ingress and egress into the interior of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

6.      That the width of the rug is approximately the same width as the revolving doors that allow ingress and egress into and out of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

7.      That the rectangular rug does not provide "wall-to-wall" coverage of the interior floor surface of the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

8.      That on or before September 23, 2005, Defendant, HOSPITAL LAUNDRY SERVICES, (HLS), The Chicagoland Healthcare Service Company, owned the rectangular rug at the front entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

9.      That before September 23, 2005, Defendant, HOSPITAL LAUNDRY SERVICES, (HLS), The Chicagoland Healthcare Service Company, provided the rectangular rug at the front entrance of the North Building for use by pedestrians coming into and out of the building.

2

10.　　That on September 23, 2005, Defendant, HOSPITAL LAUNDRY

SERVICES, (HLS), The Chicagoland Healthcare Service Company, was responsible for

the care and maintenance of the rectangular rug at the entrance of the North Building

located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of

Illinois.

11.　　That the rectangular rug constituted a trip hazard for pedestrians walking

across the rug when the rug was approached from its side in a perpendicular manner.

12.　　That prior to September 23, 2005, Defendant, HOSPITAL LAUNDRY

SERVICES, (HLS), The Chicagoland Healthcare Service Company, knew, or in exercise

of ordinary care should have known, that a rectangular rug was not reasonably safe for

use by pedestrians who were accessing the rug from its side as it constituted a trip hazard.

13.　　That on or before September 23, 2005, Defendant, HOSPITAL

LAUNDRY SERVICES, (HLS), The Chicagoland Healthcare Service Company, had

actual knowledge that pedestrians, including the Plaintiff, TOM KNOX, often accessed

the rug from its side in a perpendicular manner as they conducted their daily work

activities on the first floor of the North Building located at 4440 W. 95th Street, in the

Village of Oak Lawn, County of Cook, State of Illinois.

14.　　That at that time and place, Defendant, HOSPITAL LAUNDRY

SERVICES, (HLS), The Chicagoland Healthcare Service Company, by and through its

duly authorized agents, servants and/or employees had a duty to provide a rug which was

reasonably safe for pedestrians who worked on the first floor of the North Building

located at 4440 W. 95th Street, Village of Oak Lawn, County of Cook, State of Illinois.

15.    That notwithstanding the aforementioned duty, Defendant, HOSPITAL LAUNDRY SERVICES, (HLS), The Chicagoland Healthcare Service Company, by and through its duly authorized agents, servants and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

a.    Failed to properly maintain the sides of the rug so ensure that they were flat and level with the adjacent floor surface;

b.    Failed to provide a rug that provided wall-to-wall coverage;

c.    Provided a rug that constituted a trip hazard for pedestrians accessing the rug from the side.

16.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, HOSPITAL LAUNDRY SERVICES, (HLS), The Chicagoland Healthcare Service Company, the Plaintiff, TOM KNOX, was injured both temporarily and permanently, and he has expended and will continue to expend large sums of money in an effort to be cured of his injuries, and he has suffered and will continue to suffer great pain and discomfort as a result of his injuries, and he has lost and will continue to lose great gains he otherwise would have realized, but for said injuries.

WHEREFORE, the Plaintiff, TOM KNOX, demands judgment against Defendant, HOSPITAL LAUNDRY SERVICES, (HLS), The Chicagoland Healthcare Service Company, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this lawsuit.

## COUNT II

Now comes the Plaintiff, TOM KNOX, by and through his attorneys, CASEY WOODRUFF & ASSOCIATES, pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of

Civil Procedure, and complaining of the Defendant and complaining of Defendant, ARAMARK SERVICES, INC., a Delaware corporation, states as follows:

1. That on September 23, 2005, the Plaintiff, TOM KNOX, was employed by Advocate Christ Hospital.

2. That on September 23, 2005, the Plaintiff, TOM KNOX, was working at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois near the main entrance of the North Building on the first floor.

3. That the Plaintiff, TOM KNOX, was working in the public safety office which is located in the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

4. That there are revolving doors that allow ingress and egress into the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

5. That there is a rectangular rug that extends directly from the means of ingress and egress into the interior of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

6. That the width of the rug is approximately the same width as the revolving doors that allow ingress and egress into and out of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

7. That the rectangular rug does not provide "wall-to-wall" coverage of the interior floor surface of the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

8.    That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, on or before September 23, 2005, Defendant, ARAMARK SERVICES, INC., a Delaware corporation, owned the rectangular rug at the front entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

9.    That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, before September 23, 2005, Defendant, ARAMARK SERVICES, INC., a Delaware corporation, provided the rectangular rug at the front entrance of the North Building for use by pedestrians coming into and out of the building.

10.    That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, on September 23, 2005, Defendant, ARAMARK SERVICES, INC., a Delaware corporation, was responsible for the care and maintenance of the rectangular rug at the entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

11.    That the rectangular rug constituted a trip hazard for pedestrians walking across the rug when the rug was approached from its side in a perpendicular manner.

12.    That prior to September 23, 2005, Defendant, ARAMARK SERVICES, INC., a Delaware corporation, knew, or in exercise of ordinary care should have known, that a rectangular rug was not reasonably safe for use by pedestrians who were accessing the rug from its side as it constituted a trip hazard.

13.    That on or before September 23, 2005, Defendant, ARAMARK SERVICES, INC., a Delaware corporation, had actual knowledge that pedestrians, including the Plaintiff, TOM KNOX, often accessed the rug from its side in a

perpendicular manner as they conducted their daily work activities on the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

14.    That at that time and place, Defendant, ARAMARK SERVICES, INC., a Delaware corporation, by and through its duly authorized agents, servants and/or employees had a duty to provide a rug which was reasonably safe for pedestrians who worked on the first floor of the North Building located at 4440 W. 95th Street, Village of Oak Lawn, County of Cook, State of Illinois.

15.    That notwithstanding the aforementioned duty, Defendant, ARAMARK SERVICES, INC., a Delaware corporation, by and through its duly authorized agents, servants and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

  a.    Failed to properly maintain the sides of the rug so ensure that they were flat and level with the adjacent floor surface;

  b.    Failed to provide a rug that provided wall-to-wall coverage;

  c.    Provided a rug that constituted a trip hazard for pedestrians accessing the rug from the side.

16.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, ARAMARK SERVICES, INC., a Delaware corporation, the Plaintiff, TOM KNOX, was injured both temporarily and permanently, and he has expended and will continue to expend large sums of money in an effort to be cured of his injuries, and he has suffered and will continue to suffer great pain and discomfort as a result of his injuries, and he has lost and will continue to lose great gains he otherwise would have realized, but for said injuries.

WHEREFORE, the Plaintiff, TOM KNOX, demands judgment against Defendant, ARAMARK SERVICES, INC., a Delaware corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this lawsuit.

## COUNT III

Now comes the Plaintiff, TOM KNOX, by and through his attorneys, CASEY WOODRUFF & ASSOCIATES, pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, and complaining of the Defendant and complaining of Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, states as follows:

1.    That on September 23, 2005, the Plaintiff, TOM KNOX, was employed by Advocate Christ Hospital.

2.    That on September 23, 2005, the Plaintiff, TOM KNOX, was working at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois near the main entrance of the North Building on the first floor.

3.    That the Plaintiff, TOM KNOX, was working in the public safety office which is located in the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

4.    That there are revolving doors that allow ingress and egress into the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

5.    That there is a rectangular rug that extends directly from the means of ingress and egress into the interior of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

8

6.     That the width of the rug is approximately the same width as the revolving doors that allow ingress and egress into and out of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

7.     That the rectangular rug does not provide "wall-to-wall" coverage of the interior floor surface of the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

8.     That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, on or before September 23, 2005, Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, owned the rectangular rug at the front entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

9.     That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, before September 23, 2005, Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, provided the rectangular rug at the front entrance of the North Building for use by pedestrians coming into and out of the building.

10.     That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, on September 23, 2005, Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, was responsible for the care and maintenance of the rectangular rug at the entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

11.     That the rectangular rug constituted a trip hazard for pedestrians walking across the rug when the rug was approached from its side in a perpendicular manner.

9

12.     That prior to September 23, 2005, Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, knew, or in exercise of ordinary care should have known, that a rectangular rug was not reasonably safe for use by pedestrians who were accessing the rug from its side as it constituted a trip hazard.

13.     That on or before September 23, 2005, Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, had actual knowledge that pedestrians, including the Plaintiff, TOM KNOX, often accessed the rug from its side in a perpendicular manner as they conducted their daily work activities on the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

14.     That at that time and place, Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, by and through its duly authorized agents, servants and/or employees had a duty to provide a rug which was reasonably safe for pedestrians who worked on the first floor of the North Building located at 4440 W. 95th Street, Village of Oak Lawn, County of Cook, State of Illinois.

15.     That notwithstanding the aforementioned duty, Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, by and through its duly authorized agents, servants and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

      a.     Failed to properly maintain the sides of the rug so ensure that they were flat and level with the adjacent floor surface;

      b.     Failed to provide a rug that provided wall-to-wall coverage;

      c.     Provided a rug that constituted a trip hazard for pedestrians accessing the rug from the side.

10

16.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, the Plaintiff, TOM KNOX, was injured both temporarily and permanently, and he has expended and will continue to expend large sums of money in an effort to be cured of his injuries, and he has suffered and will continue to suffer great pain and discomfort as a result of his injuries, and he has lost and will continue to lose great gains he otherwise would have realized, but for said injuries.

WHEREFORE, the Plaintiff, TOM KNOX, demands judgment against Defendant, ARAMARK CLEANROOM SERVICES, LLC, a limited liability corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this lawsuit.

## COUNT IV

Now comes the Plaintiff, TOM KNOX, by and through his attorneys, CASEY WOODRUFF & ASSOCIATES, pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, and complaining of the Defendant and complaining of Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, states as follows:

1.     That on September 23, 2005, the Plaintiff, TOM KNOX, was employed by Advocate Christ Hospital.

2.     That on September 23, 2005, the Plaintiff, TOM KNOX, was working at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois near the main entrance of the North Building on the first floor.

11

3.    That the Plaintiff, TOM KNOX, was working in the public safety office which is located in the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

4.    That there are revolving doors that allow ingress and egress into the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

5.    That there is a rectangular rug that extends directly from the means of ingress and egress into the interior of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

6.    That the width of the rug is approximately the same width as the revolving doors that allow ingress and egress into and out of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

7.    That the rectangular rug does not provide "wall-to-wall" coverage of the interior floor surface of the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

8.    That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, on or before September 23, 2005, Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, owned the rectangular rug at the front entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

9.    That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, before September 23, 2005, Defendant, ARAMARK FACILITY SERVICES,

LLC, a limited liability corporation, provided the rectangular rug at the front entrance of the North Building for use by pedestrians coming into and out of the building.

10.    That pursuant to 735 ILCS 5/2-613(b) of the Illinois Code of Civil Procedure, on September 23, 2005, Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, was responsible for the care and maintenance of the rectangular rug at the entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

11.    That the rectangular rug constituted a trip hazard for pedestrians walking across the rug when the rug was approached from its side in a perpendicular manner.

12.    That prior to September 23, 2005, Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, knew, or in exercise of ordinary care should have known, that a rectangular rug was not reasonably safe for use by pedestrians who were accessing the rug from its side as it constituted a trip hazard.

13.    That on or before September 23, 2005, Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, had actual knowledge that pedestrians, including the Plaintiff, TOM KNOX, often accessed the rug from its side in a perpendicular manner as they conducted their daily work activities on the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

14.    That at that time and place, Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, by and through its duly authorized agents, servants and/or employees had a duty to provide a rug which was reasonably safe

13

for pedestrians who worked on the first floor of the North Building located at 4440 W. 95th Street, Village of Oak Lawn, County of Cook, State of Illinois.

15.    That notwithstanding the aforementioned duty, Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, by and through its duly authorized agents, servants and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

    a.    Failed to properly maintain the sides of the rug so ensure that they were flat and level with the adjacent floor surface;

    b.    Failed to provide a rug that provided wall-to-wall coverage;

    c.    Provided a rug that constituted a trip hazard for pedestrians accessing the rug from the side.

16.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, the Plaintiff, TOM KNOX, was injured both temporarily and permanently, and he has expended and will continue to expend large sums of money in an effort to be cured of his injuries, and he has suffered and will continue to suffer great pain and discomfort as a result of his injuries, and he has lost and will continue to lose great gains he otherwise would have realized, but for said injuries.

WHEREFORE, the Plaintiff, TOM KNOX, demands judgment against Defendant, ARAMARK FACILITY SERVICES, LLC, a limited liability corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this lawsuit.

14

By: _____
Casey Woodruff and Associates

Mario C. Palermo
CASEY WOODRUFF & ASSOCIATES
75 Executive Drive, Suite 105
Aurora, IL  60504
(630) 585-2320
(630) 585-2327 fax
Atty. No. 40985

15

STATE OF ILLINOIS      )
                              ) SS.

COUNTY OF DuPAGE      )

## AFFIDAVIT

MARIO C. PALERMO hereby states that in his opinion the damages in the

foregoing lawsuit exceed the sum of $50,000.00.

_____

MARIO C. PALERMO

SUBSCRIBED AND SWORN TO

Before me this 21st day of

_September_____, 2007.

_Beverly A. Toms____

OFFICIAL SEAL      NOTARY PUBLIC

**BEVERLY A. TOMS**

NOTARY PUBLIC, STATE OF ILLINOIS

MY COMMISSION EXPIRES 12-2-2007

Mario C. Palermo
CASEY WOODRUFF & ASSOCIATES
75 Executive Drive, Suite 105
Aurora, IL  60504
(630) 585-2320
Atty. No. 40985

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| TOM KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| HOSPITAL LAUNDRY SERVICES, | ) | |
| (HLS), The Chicagoland Healthcare | ) | **PLEASE SERVE:** |
| Service Company, ARAMARK | ) | **ARAMARK CLEANROOM** |
| SERVICES, INC., a Delaware corporation, | ) | **SERVICES, LLC** |
| ARAMARK CLEANROOM SERVICES, | ) | **C/O Registered Agent:** |
| a limited liability corporation, and | ) | **C T Corporation System** |
| ARAMARK FACILITY SERVICES, | ) | **208 S. LaSalle Street** |
| LLC, a limited liability corporation, | ) | **Suite 814** |
| | ) | **Chicago, IL 60604** |
| Defendant. | ) | |
| | ) | |

<u>SUMMONS</u>

To each defendant:

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is attached, or otherwise file an appearance in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS. . . . . . . . . . . . . . . . . . ., 2007       SEP 24 2007

. . . . . . . . . . . . . . . . . . . . . . . . . . . .
Clerk of Court

CASEY WOODRUFF & ASSOCIATES
Attorneys for Plaintiff
75 Executive Drive, Ste. 105          Date of service: . . . . . . . . . . . . . ., 2007
Aurora, IL 60504                      (To be inserted by officer on copy left
(630) 585-2320                            with defendant or other person)
Attorney No.: 40985

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

.

# Exhibit 2

# Plaintiff's Amended Complaint at Law

Edward H. Nielsen (No.0252296)
Enielsen@pretzel-stouffer.com
Kim Mathers Heffernan (No.6209445)
Kheffernan@pretzel-stouffer.com
Pretzel & Stouffer, Chtd.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tele: (312) 346-1973
Fax: (312) 346-8242

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TOM KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 07 L 10012 |
| | ) |
| ARAMARK UNIFORM & CAREER | ) |
| APPAREL, LLC, a Delaware limited | ) |
| liability corporation, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

Now comes the Plaintiff, TOM KNOX, by and through his attorneys, CASEY

WOODRUFF & ASSOCIATES, and complaining of the Defendant and complaining of

Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited

liability corporation, states as follows:

1.    That on September 23, 2005, the Plaintiff, TOM KNOX, was employed by

Advocate Christ Hospital.

2.    That on September 23, 2005, the Plaintiff, TOM KNOX, was working at

4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois near

the main entrance of the North Building on the first floor.

3.    That the Plaintiff, TOM KNOX, was working in the public safety office

which is located in the first floor of the North Building located at 4440 W. 95th Street, in

the Village of Oak Lawn, County of Cook, State of Illinois.

4.    That there are revolving doors that allow ingress and egress into the North

Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook,

State of Illinois.

1

5.     That there is a rectangular rug that extends directly from the means of ingress and egress into the interior of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

6.     That the width of the rug is approximately the same width as the revolving doors that allow ingress and egress into and out of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

7.     That the rectangular rug does not provide "wall-to-wall" coverage of the interior floor surface of the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

8.     That Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, owned the rectangular rug at the front entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

9.     That Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, provided the rectangular rug at the front entrance of the North Building for use by pedestrians coming into and out of the building.

10.     That Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, was responsible for the care and maintenance of the rectangular rug at the entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

11.     That the rectangular rug constituted a trip hazard for pedestrians walking across the rug when the rug was approached from its side in a perpendicular manner.

2

12.      That prior to September 23, 2005, Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, knew, or in exercise of ordinary care should have known, that a rectangular rug was not reasonably safe for use by pedestrians who were accessing the rug from its side as it constituted a trip hazard.

13.      That on or before September 23, 2005, Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, had actual knowledge that pedestrians, including the Plaintiff, TOM KNOX, often accessed the rug from its side in a perpendicular manner as they conducted their daily work activities on the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

14.      That at that time and place, Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, by and through its duly authorized agents, servants and/or employees had a duty to provide a rug which was reasonably safe for pedestrians who worked on the first floor of the North Building located at 4440 W. 95th Street, Village of Oak Lawn, County of Cook, State of Illinois.

15.      That notwithstanding the aforementioned duty, Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, by and through its duly authorized agents, servants and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

    a.    Failed to properly maintain the sides of the rug so ensure that they were flat and level with the adjacent floor surface;

    b.    Failed to provide a rug that provided wall-to-wall coverage;

    c.    Provided a rug that constituted a trip hazard for pedestrians accessing the rug from the side.

3

16.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, the Plaintiff, TOM KNOX, was injured both temporarily and permanently, and he has expended and will continue to expend large sums of money in an effort to be cured of his injuries, and he has suffered and will continue to suffer great pain and discomfort as a result of his injuries, and he has lost and will continue to lose great gains he otherwise would have realized, but for said injuries.

WHEREFORE, the Plaintiff, TOM KNOX, demands judgment against Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the cost of this lawsuit.

By:_____
          Casey Woodruff and Associates

Mario C. Palermo
CASEY WOODRUFF & ASSOCIATES
75 Executive Drive, Suite 105
Aurora, IL  60504
(630) 585-2320
(630) 585-2327 fax
Atty. No. 40985

4

# Exhibit 3

# Cook County
# Circuit Clerk Docket

Edward H. Nielsen (No.0252296)
Enielsen@pretzel-stouffer.com
Kim Mathers Heffernan (No.6209445)
Kheffernan@pretzel-stouffer.com
Pretzel & Stouffer, Chtd.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tele: (312) 346-1973
Fax: (312) 346-8242



*Dorothy Brown*

# CLERK *of the*
# CIRCUIT COURT
## *Cook County*

Case Information Summary for Case Number
2007-L-010012

Filing Date: 9/24/2007

Division: Law Division

Ad Damnum: $50000.00

Case Type: PREMISES LIABILITY

District: First Municipal

Calendar: E

### **Party Information**

| **Plaintiff(s)** | **Attorney(s)** |
|---|---|
| KNOX TOM | CASEY WOODRUFF&ASSOC |
| | 75 EXECUTIVE#105 |
| | AURORA IL, 60504 |
| | (630) 585-2320 |

ADVOCATE CHRIST MED CTR

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| | ARAMARK CLEANROOM SERVI | |
| | ARAMARK FACILITY SERVICE | |
| | ARAMARK SERVIES INC | |
| | HOSPITAL LAUNDRY SERVICES | THADDEUS J GUSTAFSON LAW |
| | | 2 N. LASALLE #2510 |
| | | CHICAGO IL, 60602 |
| | | (312) 782-7191 |

## Case Activity

Activity Date: 9/24/2007                                    Participant: KNOX TOM

PREMISES LIABILITY COMPLAINT FILED

Court Fee: 294.00                    Attorney: CASEY WOODRUFF&ASSOC
Judgment Amount: 50000.00


Activity Date: 10/3/2007                    Participant: ARAMARK FACILITYSERVICE

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Court Date: 9/27/2007
Court Fee: 60.00


Activity Date: 10/3/2007                    Participant: ARAMARK SERVIES INC

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Court Date: 9/27/2007
Court Fee: 60.00


Activity Date: 10/3/2007                    Participant: ARAMARK CLEANROOM SERVI

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Court Date: 9/27/2007
Court Fee: 60.00


Activity Date: 10/22/2007                    Participant: HOSPITAL LAUNREY SERVICE

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Court Date: 10/17/2007
Court Fee: 240.00


Activity Date: 10/22/2007                                    Participant: KNOX TOM

CASE MANAGEMENT CALL NOTICE MAILED

Court Date: 1/24/2008
Court Time: 0930


Activity Date: 11/16/2007                    Participant: HOSPITAL LAUNDRY

APPEARANCE FILED - FEE PAID - (JURY DEMAND)

Court Fee: 393.00                    Attorney: THADDEUS J GUSTAFSON
                                                      LAW

Activity Date: 11/16/2007                          Participant: HOSPITAL LAUNDRY SERV

ANSWER TO COMPLAINT FILED

Attorney: THADDEUS J GUSTAFSON
LAW

Activity Date: 11/16/2007                          Participant: HOSPITAL LAUNDRY SERV

NOTICE OF FILING FILED

Attorney: THADDEUS J GUSTAFSON
LAW

Activity Date: 11/16/2007                          Participant: HOSPITAL LAUNDRY SERV

PROOF OF SERVICE FILED

Attorney: THADDEUS J GUSTAFSON
LAW

Activity Date: 12/4/2007                          Participant: KNOX TOM

NOTICE OF MOTION FILED

Court Date: 1/2/2008                    Attorney: CASEY WOODRUFF&ASSOC
Court Time: 1000

Activity Date: 12/4/2007                          Participant: KNOX TOM

PROOF OF SERVICE FILED

Attorney: CASEY WOODRUFF&ASSOC

Activity Date: 12/4/2007                          Participant: KNOX TOM

MOTION FILED

Attorney: CASEY WOODRUFF&ASSOC

Activity Date: 12/4/2007                          Participant: KNOX TOM

MOTION SPINDLED

Court Date: 1/2/2008                    Attorney: CASEY WOODRUFF&ASSOC
Court Time: 1000

Activity Date: 12/28/2007                          Participant: ADVOCATE CHRIST MED CT

INTERVENING PETITION OR COMPLAINT FILED

Court Fee: 163.00                    Attorney: GARAFALO SCHREIBER HART

Activity Date: 12/28/2007                    Participant: ADVOCATE CHRIST MED CT

NOTICE OF MOTION FILED

Court Date: 12/28/2007                    Attorney: GARAFALO SCHREIBER HART
Court Time: 0845


Activity Date: 12/28/2007                    Participant: ADVOCATE CHRIST MED CT

PROOF OF SERVICE FILED

Attorney: GARAFALO SCHREIBER HART


Activity Date: 12/28/2007                    Participant: ADVOCATE CHRIST MED CT

MOTION FILED

Attorney: GARAFALO SCHREIBER HART


Activity Date: 12/28/2007                    Participant: ADVOCATE CHRIST M

INTERVENE - PLAINTIFF - ALLOWED -

Judge: FLANAGAN, KATHY M
Microfilm: LD001031005


Activity Date: 12/28/2007                    Participant: ADVOCATE CHRIST M

EXECUTE OR PERFORM - ALLOWED -

Judge: FLANAGAN, KATHY M
Microfilm: LD001031005


Activity Date: 1/2/2008                    Participant: KNOX TOM

AMENDED COMPLAINT FILED

Attorney: CASEY WOODRUFF&ASSOC


Activity Date: 1/2/2008                    Participant: KNOX TOM

AMEND COMPLAINT OR PETITION - ALLOWED -

Court Date: 1/2/2008                    Judge: FLANAGAN, KATHY M
Microfilm: LD000010156


Activity Date: 1/2/2008                    Participant: ARAMARK SERV INC

VOLUNTARY DISMISSAL SPECIFIC DEFENDANT W/LEAVE TO REFILE-
ALLOWED

Judge: FLANAGAN, KATHY M
Microfilm: LD000010156

Activity Date: 1/2/2008                    Participant: ARAMARK CLEANROOM

VOLUNTARY DISMISSAL SPECIFIC DEFENDANT W/LEAVE TO REFILE-
ALLOWED

Judge: FLANAGAN, KATHY M
Microfilm: LD000010156

Activity Date: 1/2/2008                    Participant: ARAMARK FACILITY

VOLUNTARY DISMISSAL SPECIFIC DEFENDANT W/LEAVE TO REFILE-
ALLOWED

Judge: FLANAGAN, KATHY M
Microfilm: LD000010156

Activity Date: 1/2/2008                    Participant: HOSPITAL LAUNDRY

VOLUNTARY DISMISSAL SPECIFIC DEFENDANT W/LEAVE TO REFILE-
ALLOWED

Judge: FLANAGAN, KATHY M
Microfilm: LD000010156

Activity Date: 1/24/2008                    Participant: KNOX TOM

FILE AMENDMENT OR ADDITIONAL OR AMENDED PLEADINGS -
ALLOWED -

Court Date: 2/7/2008                Judge: FLANAGAN, KATHY M

Activity Date: 1/24/2008                    Participant: KNOX TOM

DISCOVERY - ALLOWED -

Court Date: 3/20/2008                Judge: FLANAGAN, KATHY M

Activity Date: 1/24/2008                    Participant: KNOX TOM

CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED -

Court Date: 3/27/2008                Judge: FLANAGAN, KATHY M
Court Time: 1030

Activity Date: 1/24/2008                    Participant: KNOX TOM

CASE ASSIGNED TO CATEGORY 1 - DISC. COMPLETED IN 18 MONTHS

Judge: FLANAGAN, KATHY M

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

Return to Search Page