FILED
JANUARY 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| TOM KNOX, ) | PH | **08 C 665** |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. | |
| ) | | |
| ARAMARK UNIFORM & CAREER APPAREL, ) | | **JUDGE MANNING** |
| LLC, a Delaware limited liability corporation, ) | | **MAGISTRATE JUDGE DENLOW** |
| ) | | |
| Defendant. ) | | |

## ANSWER AND AFFIRMATIVE DEFENSES OF ARAMARK UNIFORM & CAREER APPAREL, LLC.

NOW COMES the Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC., a Delaware limited liability corporation, by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, and for its Answer to Plaintiff's First Amended Complaint at Law, states as follows:

1. That on September 23, 2005, the plaintiff, Tom Knox, was employed by Advocate Christ Hospital.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph one, and therefore, denies the allegation.

2. That on September 23, 2005, the plaintiff, Tom Knox, was working at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois near the main entrance of the North Building on the first floor.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph two, and therefore, denies the allegation.

3. That on September 23, 2005, the plaintiff, Tom Knox, was working in the public safety office which is located in the first floor of the North Building located at 4440 W. 95th Street,

in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph three, and therefore, denies the allegation.

4. That there are revolving doors that allow ingress and egress into the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:** Upon information and belief, this Defendant admits the allegation in paragraph four.

5. That there is a rectangular rug that extends directly from the means of the ingress and egress into the interior of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph five, and therefore, denies the allegation.

6. That the width of the rug is approximately the same width as the revolving doors that allow ingress and egress into and out of the North Building located at 4440 W. 95th Street, in the Village of Oak Law, County of Cook, State of Illinois.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph six, and therefore, denies the allegation.

7. That the rectangular rug does not provide "wall- to- wall" coverage of the interior floor surface of the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph seven, and therefore, denies the allegation.

8. That Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, owned the rectangular rug at the front entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph eight, and therefore, denies the allegation.

9. That Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, provided the rectangular rug at the front of the entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph nine, and therefore, denies the allegation.

10. That Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, was responsible for the care and maintenance of the rectangular rug at the entrance of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:** This Defendant lacks sufficient knowledge to admit or deny the allegation in paragraph ten, and therefore, denies the allegation.

11. That the rectangular rug constituted a trip hazard for pedestrians walking across the rug when the rug was approached from its side in a perpendicular manner.

**Answer:** This Defendant denies the allegation in paragraph eleven.

12. That prior to September 23, 2005, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, knew, or in exercise of ordinary care should have

known, that a rectangular rug was not reasonably save for use by pedestrians who were accessing the rug from its side as it constituted a trip hazard.

**Answer:**   This Defendant denies the allegation in paragraph twelve.

13.   That on or before September 23, 2005, Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, , had actual knowledge that the pedestrians, including the Plaintiff, TOM KNOX, often accessed the rug from its side in a perpendicular manner as they conducted their daily work activities on the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:**   This Defendant denies the allegation in paragraph thirteen.

14.   That at that time and place, Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, by and through its duly authorized agents, servants and/or employees had a duty to provide a rug which was reasonably safe for pedestrians who worked on the first floor of the North Building located at 4440 W. 95th Street, in the Village of Oak Lawn, County of Cook, State of Illinois.

**Answer:**   This Defendant admits those duties imposed by law but denies that Plaintiff correctly sets forth those duties or the breach of any such duties.

15.   That notwithstanding the aforementioned duty, Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, by and through its duly authorized agents, servants and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

   a.   Failed to properly maintain the sides of the rug so ensure that they were flat

and level with the adjacent floor surface;

b.  Failed to provide a rug that provided wall-to-wall coverage;

c.  Provided a rug that constituted a trip hazard for pedestrians accessing the rug from the side.

**Answer:** This Defendant denies the allegations in paragraph fifteen, specifically this Defendant denies the allegations in sub-paragraphs a through c.

16. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware limited liability corporation, the plaintiff, TOM KNOX, was injured both temporarily and permanently, and he has expended and will continue to expend large sums of money in an effort to be cured of his injuries, and he has suffered and will continue to suffer great pain and discomfort as a result of his injuries, and he has lost and will continue to lose great gains he otherwise would have realized, but for said injuries.

**Answer:** This Defendant denies the allegations in paragraph sixteen.

*WHEREFORE*, ARAMARK UNIFORM & CAREER APPAREL, LLC. a Delaware limited liability corporation, prays that the Plaintiff's First Amended Complaint be stricken, and the Court find that the Plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this case with prejudice and award this Defendant the costs of defending this suit and for all other appropriate relief.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC., a Delaware limited liability corporation, by and through its attorneys, PRETZEL & STOUFFER,

CHARTERED and without prejudice to the denials to the allegations of Plaintiff's Amended Complaint, without waiver of the obligations of the Plaintiff to prove every factual element of his claim, in the alternative to, and without waiving any other argument or cause of action against the Plaintiff herein or against others who may be sued in the future, the Defendant alleges and states as follows for its Affirmative Defenses to the Plaintiff's First Amended Complaint:

1. For some time prior to and including September 23, 2005, the Plaintiff, had a duty to exercise ordinary care to ensure his own safety.

2. For some time prior to and including September 23, 2005, the Plaintiff breached that duty.

3. For some time prior to and including September 23, 2005, notwithstanding his duty, at said time and place, Plaintiff was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Plaintiff failed to keep a proper lookout for the conditions then and there existing on the premises;

    (b) Failed to keep a proper look out for anything which could pose a hazard to his own safe movement;

    (c) Moved at a pace unsafe for the conditions present

    (d) Failed to observe what was readily obvious and observable.

5. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Plaintiff, the Plaintiff's own actions or inactions were the sole cause or a contributing factor to his injuries. Therefore, if a verdict is rendered against this Defendant, the

verdict should be reduced in an amount commensurate with the contributory fault of Plaintiff or if Plaintiff is determined to be over 50% at fault, pursuant to 735 ILCS 5/2-116, Plaintiff be barred from recovery.

WHEREFORE, the Defendant, prays that this Honorable Court enter a verdict in its favor or reduce any adverse verdict entered against it based upon Plaintiff's comparative negligence.

DEFENDANT DEMANDS TRIAL BY JURY.

PRETZEL & STOUFFER, CHARTERED

By: ___S/Kim Mathers Heffernan___

Edward H. Nielsen (No.0252296)
Enielsen@pretzel-stouffer.com
Kim Mathers Heffernan (No.6209445)
Kheffernan@pretzel-stouffer.com
Pretzel & Stouffer, Chtd.
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tele: (312) 346-1973
Fax: (312) 346-8242