## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 665 | **DATE** | February 6, 2008 |
| **CASE TITLE** | *Knox v. Aramark* | | |

**DOCKET ENTRY TEXT:**

The notice of removal fails to establish that diversity jurisdiction is proper. Accordingly, Aramark shall file an amended notice of removal addressing the jurisdictional issues identified in this order by February 20, 2008.

■[ For further details see text below.]

## STATEMENT

This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper.

*Citizenship*

The notice of removal asserts that the plaintiff is, on information and belief, an Illinois citizen. Allegations of citizenship that are made "upon information and belief" are insufficient to establish citizenship for jurisdictional purposes. *See Multi-M Int'l, Inc. v. Paige Med. Supply Co.,* 142 F.R.D. 150, 152 (N.D. Ill. 1992), *citing Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992). The notice of removal also states that Aramark is a Delaware limited liability corporation with its principal place of business in California. However, "the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *Wise v. Wachovia Securities*, LLC, 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members"). The court thus needs complete citizenship information for all of Aramark's members to determine if the parties are indeed diverse.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

These defects are not necessarily fatal, as "jurisdiction exists in a removal action if the case might have been brought in a federal court to begin with," *Shaw v. Dow Brands, Inc.*, 994 F.3d 364 366 (7th Cir. 1993), and 28 U.S.C. § 1653 permits the court to allow amendment of defective allegations of jurisdiction at any time. *See* Wright, Miller & Cooper, Federal Practice and Procedure § 3733 at 537-38 (2d ed. 1985) ("the petition may be amended only to set out more specifically grounds for removal that have already been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished"). Nevertheless, as matters stand, the court cannot ascertain if the parties are in fact diverse.

*Amount in Controversy*

The plaintiff alleges that he was injured when he tripped on a rug near a revolving door in a building located at 4440 West 95th Street in Oak Lawn. The notice of removal states that Aramark asked the plaintiff's counsel to stipulate that his client's damages did not exceed $75,000 but "[a]t the time of this filing, Plaintiff has not agreed to the proposed stipulation." Clarification of this point would be helpful as it is unclear whether plaintiff's counsel simply has not yet responded to the request or, instead, if counsel has refused to enter into such a stipulation. This leaves the court with a complaint alleging personal injury and seeking damages in excess of $50,000 but no meaningful way to determine if the amount in controversy requirement has been met.

In a case removed to federal court based on diversity jurisdiction, the court must evaluate the amount in controversy by considering the claims alleged in the complaint and the record as a whole, as of the time the case is removed. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006). The removing party has the burden of affirmatively establishing that jurisdiction is proper. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). The removing party may satisfy this burden by showing "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). A case must remain in federal court unless it is "legally certain" that the controversy is worth less than the jurisdictional amount. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d at 543.

Aramark should address these concerns by either amending its notice of removal or propounding jurisdictional discovery.

*Conclusion*

Aramark shall file an amended notice of removal addressing the jurisdictional issues identified in this order by February 20, 2008. Aramark shall also take steps necessary to carry its burden of showing that the amount in controversy exceeds $75,000.